UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EFREM WALKER, Individually,  :
:
       Plaintiff,  :
:
v.  :  Case No. 4:11-cv-13996
:
GENESEE VALLEY PARTNERS, L.P..  :
A Foreign Limited Partnership  :
:
       Defendant.  :
_____/  :

# COMPLAINT

Plaintiff, Efrem Walker (hereinafter "Plaintiff"), hereby sues the Defendant, Genesee Valley Partners, L.P., A Foreign Limited Partnership (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and for damages pursuant to the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq. In support thereof, Plaintiff states:

1.    This action is brought by Efrem Walker, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq., against the owners and/or operators of Genesee Valley Center.

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's State claim as violations of the PDCRA arise from the same facts and circumstances that give rise to Plaintiff's ADA claim.

4. Venue is proper in this judicial district and division. Defendant does business in the State of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

5. Plaintiff Efrem Walker is a resident of Oakland County, Michigan, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

6. The Genesee Valley Center is located at 3341 South Linden Road, Flint, Genesee County, Michigan, 48507

7. The Genesee Valley Center is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

8. Defendant owns, leases, leases to, or operates the Genesee Valley Center, and is responsible for complying with the obligations of the ADA and the PDCRA.

## COUNT I

## VIOLATION OF THE ADA

9. Plaintiff realleges paragraphs one (1) through eight (8) of this Complaint and incorporates them here as if set forth in full.

10. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return the property to avail himself of the goods and services offered to the public at the property.

11. There are numerous architectural barriers present at the Genesee Valley Center, that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Genesee Valley Center are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

12. Elements and spaces to which there are barriers to access at the Genesee Valley Center include, but are not necessarily limited to:

    a. At this designating disabled use spaces there is no sign posted, in violation of Section 4.6.4 of the ADAAG.

    b. Some of the disable use spaces have an uneven surface in violation of Section 4.6.3 of the ADAAG.

    c. Some of the disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG.

    d. There are designated accessible parking spaces that do not have access aisles provided, violating Sections 4.6.3 of the ADAAG.

    e. The public accommodations have not maintained an operable working condition of the features and equipment to be readily accessible and usable as per section 36.211 of the ADAAG.

    f. There are changes in levels of greater than ½ inch, violating Section 4.3.8 and 4.5.2 of the ADAAG.

    g. There are curb ramps at the facility that have an uneven surface that does not comply with Section 4.7.4 and 4.5 of the ADAAG.

  h. The curb ramps at the facility contain excessive slopes and cross slopes in violation of Sections 4.7.2 of the ADAAG.

  i. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

  j. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

  k. There are exposed pipes in restrooms at the facility, violating Section 4.19.4 of the ADAAG.

13. Defendant's failure to remove the architectural barriers identified in paragraph twelve (12) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

14. It would be readily achievable for the Defendant to remove the architectural barriers identified above.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as

defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. The Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

17. Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

18. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II

## VIOLATION OF THE PDCRA

21. Plaintiff realleges paragraphs one (1) through twenty (20) of this Complaint and incorporates them here as if set forth in full

22. The Defendant has discriminated against Plaintiff by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by MCL 37.1302.

23. Plaintiff has desired and attempted to enjoy the goods and services at Genesee Valley Center as a customer. He has been prevented from doing so due to the existing architectural barriers at the property. As a result, he has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in MCL 37.1606.

24. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

## PRAYER FOR RELIEF

25. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and the State of Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

A. Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*

    i. by failing to bring Genesee Valley Center into compliance with the Standards where it is readily achievable to do so; and

    ii. by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

B. Order Defendant:

    i. to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

    ii. to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

C. Award damages to Efrem Walker who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

D. Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and MCL 37.1606.

E. Order such other appropriate relief as the interests of justice may require.

         Respectfully Submitted,


         By: /s/ Pete M. Monismith
         Pete M. Monismith, Esq.
         3945 Forbes Ave., #175
         Pittsburgh, PA 15213
         Ph: 724-610-1881
         Fax: 412-258-1309
         Pete@monismithlaw.com
         PA-84746